No. 32,402

LULA ALA, *Appellant*, v. W. H. SCHWINN and LLOYD WOODY, *Appellees*.

(46 P. 2d 604)

Opinion filed July 6, 1935.

*J. S. Dey*, of Wellington, for the appellant.

*E. J. Taggart* and *John Bradley*, both of Wellington, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to replevin chattels wrongfully detained by defendants. A demurrer to the petition as finally amended was sustained, and plaintiff appeals.

The petition described the chattels as a brick building and a

lattice attachment, standing on a city lot. A demurrer to the petition was sustained, and plaintiff complains. The complaint is not well founded, because plaintiff filed an amendment to the petition.

A motion to make the amended petition more definite and certain was allowed, and plaintiff complains. The complaint is not well founded, because plaintiff submitted to the ruling, and made the amended petition more definite and certain by attaching a lease of the lot on which the building stood, which was material to the controversy.

Defendants demurred to the petition in its final form, and also filed a motion for judgment on the pleadings. The pleadings then consisted of the original petition and the two amendments. The court denied the motion and sustained the demurrer. The motion was equivalent to a demurrer. It made no difference whether the court allowed the motion or sustained the demurrer, and the question is whether the petition in its final form stated a cause of action against defendants, who were not shown to be in privity with the lessor.

The petition disclosed that the building was personal property owned by plaintiff, but it stood on land which plaintiff leased from the owner. The lease contained the following provision:

"8. Party of the second part (Lula Ala) cannot remove the building except by the payment of the rental due for the entire duration of this lease and the cash payment of five hundred ($500) dollars."

Plaintiff did not plead compliance with this condition precedent to removal of the building, did not plead waiver of the condition, and did not plead any other fact showing plaintiff could take the building away without paying for it.

Plaintiff contends there was nothing to show the duty to pay was owed to defendants. That was not necessary. The petition alleged defendants were in possession. There was nothing to indicate their possession was wrongful as against the lessor, to whom performance was due. Proof of right of possession in a third person defeats plaintiff in an action of replevin. In this instance the petition disclosed on its face plaintiff was not privileged to remove the building from the leased lot, except on condition which, so far as appeared, was neither waived nor satisfied. It was not necessary for defendants to plead the same facts, nor to prove them under a general denial or other answer.

The judgment of the district court is affirmed.